ROBERT E. KOHN, SBN 200373
Email: rkohn@kohnlawgroup.com
KOHN LAW GROUP, INC.
100 Wilshire Blvd., Suite 700
Santa Monica, CA 90401
Phone: (310) 917-1011
Fax: (310) 917-1001

Counsel for Plaintiffs
JUDITH SILVER; DEBORAH SILVER;
KOFI M. LEE; SEKAI K. LEE; MARY LEE;
WALTER E. HENRICKSON; DANIEL
HENRICKSON; DORIT MARCKS; and
ILAN MARCKS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| JUDITH SILVER, *et al.*,<br><br>  Plaintiffs,<br><br>vs.<br><br>BASIL AND ELISE GOULANDRIS FOUNDATION, a Greece non-profit organization of unknown form; *et al.*,<br><br>  Defendants. | Case No. 3:22-cv-08914-RFL<br><br>**PLAINTIFFS' THIRD STATEMENT OF RECENT DECISION RE: MOTION TO DISMISS [ECF No. 50]**<br><br>Hearing Date: February 6, 2024<br>Time:   10:00 a.m.<br>Place:   Courtroom 15<br><br>Hon. RITA F. LIN |

Plaintiffs respectfully submit a third recent judicial decision for the Court's consideration in connection with the motion by The Met (ECF No. 50) requesting to dismiss the First Amended Complaint (the "FAC," ECF No. 47). *See Cassirer v. Thyssen-Bornemisza Collection Found.*, --- F.4th ---, 2024 U.S. App. LEXIS 561 (9th Cir. 2024) [hereinafter *Cassirer VII*].

*Cassirer VII* applied California's three-step test for resolving a disputed choice of law. *See id.* at *16. At the "comparative impairment" step, "we are directed to measure the interests of each jurisdiction based on 'the circumstances of the present case'—the facts of this **particular** dispute—not the jurisdiction's general policy goals expressed in the laws implicated." *Id.* at *22 (quoting *McCann v. Foster Wheeler*, 225 P.3d 516, 534 (Cal. 2010)). "[There], as in *McCann*, California's governmental interest rests solely on the fortuity that Claude Cassirer moved to California in 1980, at a time when the Cassirer family believed the Painting had been lost or destroyed." *Id.* at *34. The impairment of California's interests was therefore comparatively less, because the plaintiff's move to California was "a fact over which, as in *McCann*, the defendant has 'no way of knowing or controlling[.]' " *See id.* at *36 (quoting 225 P.3d at 535).

The *Cassirer VII* decision relates to The Met's contention that New York rather than California law should determine the FAC's claim for restitution of the unjust proceeds from its purported sale of Hedwig Stern's stolen van Gogh. *See* ECF No. 50 at 19-21. The FAC does not allege that this transaction "or series of transactions" (*see* ECF No. 47, ¶ 1) occurred in New York. But in the event of a true conflict with California law, *Cassirer VII* would be relevant in contrasting the facts of that particular case with the circumstances of the present one. In *Cassirer VII* itself, the comparative impairment analysis relied upon the facts as found at trial. *See* 2024 U.S. App. LEXIS 561 at *14 ("an extensive bench trial").

Respectfully submitted,

Dated:  January 11, 2024         **KOHN LAW GROUP, INC.**

By:/s/ Robert E. Kohn
      Robert E. Kohn

Counsel for Plaintiffs

1

**STATEMENT OF RECENT DECISION RE: ECF No. 50**     [Case No. 3:22-cv-08914-RFL]

**CERTIFICATE OF SERVICE**

I certify that on January 11, 2024, I electronically filed the foregoing document and its attachments using the Court's CM/ECF system.  All other participants in this action are registered CM/ECF users, and service will be accomplished by the CM/ECF system.

Dated:  January 11, 2024            **KOHN LAW GROUP, INC.**

By: /s/ Robert E. Kohn
    Robert E. Kohn

Counsel for Plaintiffs